IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| HENRY GUY JONES,<br>Petitioner, | : <br> : <br> : | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | : <br> : | |
| NEIL WARREN, Sheriff of Cobb<br>County et al.,<br>Respondents. | : <br> : <br> : | CIVIL ACTION NO.<br>1:11-CV-3974-TWT-LTW |

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the

Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the time period stated above.

**SO ORDERED** this 23 day of April, 2012.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HENRY GUY JONES,<br>    Petitioner, | PRISONER HABEAS CORPUS<br>28 U.S.C. § 2254 |
| v. | |
| NEIL WARREN, Sheriff of Cobb<br>County et al.,<br>    Respondent. | CIVIL ACTION NO.<br>1:11-CV-3974-TWT-LTW |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Petitioner was confined at the Cobb County Adult Detention Center when he filed this action in November 2011. (Doc. 1.) Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 8.)

Respondent has moved to dismiss the petition for lack of exhaustion of state remedies. (Doc. 27.) Petitioner has filed multiple responses to Respondent's motion, totaling over sixty pages, in violation of the Court's Local Rules permitting only one response of no more than twenty-five pages. (Docs. 30, 31, 32); *see* LR 7.1, NDGa. The undersigned has reviewed all of Petitioner's filings, but cautions him that further failure to comply with the Court's Local Rules may result in the striking of non-compliant filings or sanctions. *See* LR 7.1F, NDGa. ("The court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules."). For the reasons discussed below, the undersigned finds that Respondent's motion to dismiss should be granted.

I.  **Background**

Petitioner's complaints in this action stem from a divorce proceeding he initiated in the Superior Court of Cobb County, Georgia, in September 2010. (*See* Doc. 28-6 (Petitioner's complaint for divorce).) Petitioner has represented himself in the divorce action, while his wife has been represented by counsel. (*See* Docs. 28-6, 28-7). The state court dismissed the divorce action in February 2011, (Doc. 28-10), but reopened it a few weeks later at Petitioner's wife's request, (Doc. 28-9), and held an evidentiary hearing at which Petitioner and his wife testified, (Doc. 28-8). The state court issued a written order on March 31, 2011, regarding the reopening of the hesaring, which contained a "No Contact Provision" prohibiting Petitioner and his wife from having any direct or indirect contact with one another. (Doc. 28-9.) Petitioner contends that his wife and her lawyer lied to and defrauded the state court regarding procedural matters, resulting in the court illegally reopening the divorce action. Petitioner filed interlocutory appeals of the state court's March 31, 2011 order to the Georgia Court of Appeals, the Georgia Supreme Court, and the U.S. Supreme Court, all of which were denied or dismissed. (Docs. 28-11, 28-12, 28-13, 28-14.)

On July 7, 2011, the state court held a two-hour final hearing on Petitioner's divorce action, but did not complete the hearing. (Doc. 28-15.) On July 13, 2011, the state court entered a temporary protective order setting August 3, 2011, as the date for completion of the hearing and again instructed the parties to have no direct or indirect

contact with one another. (*Id.*) Petitioner unsuccessfully appealed to the Georgia Supreme Court. (Doc. 28-16.)

On October 22, 2011, a police officer obtained a warrant to arrest Petitioner for aggravated stalking of his wife in violation of the temporary protective order entered in the divorce action, which is a felony under O.C.G.A. § 16-5-91. (Doc. 28-1.) Petitioner was arrested and confined in the Cobb County Adult Detention Center and later in the Smyrna City Jail. In November 2011, while confined, Petitioner filed his 106-page complaint in this action, alleging that his arrest and imprisonment were unlawful because they stemmed from an unlawful protective order, which in turn stemmed from the unlawful reopening of his divorce action based on lies by his wife and her lawyer. (Doc. 1.)

On February 21, 2012, after holding a hearing, a Cobb County Magistrate Judge entered an order in Petitioner's criminal case finding probable cause to believe Petitioner had committed aggravated stalking and transferring the case to the Superior Court of Cobb County for further prosecution. (Doc. 28-2.) The state court also entered a bond order, and Petitioner was released from custody on February 23, 2012. (Docs. 28-3, 28-5.)

Petitioner's divorce action in Cobb County, which is now before a new judge, was set for a final hearing on March 8, 2012, but the hearing was continued to April 19, 2012. (Docs. 28-18, 34 at 10.) On April 17, 2012, Petitioner filed with this Court

a "motion for ex parte immediate emergency temporary restraining order" to block any further hearings or proceedings in the divorce action. (Doc. 34.)

While Petitioner has filed hundreds of pages of documents with the Court that repeat the same things over and over again, Petitioner's core complaint can be distilled to the following, which appears in one of his most recent filings:

> In-so-much as every decision, ruling, and order of the state court in [the divorce] case ... after its legal dismissal is illegal, *every decision, ruling, and order of the state court in the case since that time is null and void and without any legal effect what-so-ever*. Therefore, the 'temporary restraining order' imposed by the state court on 7 July 2011 is *null and void and without any legal effect what-so-ever*. This fact makes it crystal clear then that there is *no legal temporary restraining order from which a charge of aggravated stalking can be brought*.

(Doc. 30 at 11-12 (emphasis in original). Moreover, as noted above, Petitioner believes the state court illegally reopened the divorce case – the event that started the alleged parade of horribles culminating in the criminal prosecution – based on his wife's perjury and his wife's lawyer's fraudulent misrepresentations to the state court about procedural matters. (*See* Doc. 32 at 10 ("The perjury and fraud by Petitioner's Wife and Her former attorney . . . are fatal to the civil case and the death of it is fatal to the criminal one.").) Petitioner has stated in virtually every filing he has made in this action that his wife and her lawyer lied to the state court in the divorce action, and he is relentlessly determined to find a court that will so find. Because Georgia's appellate courts rejected his interlocutory appeals in the divorce action and refused to hear his claim regarding the alleged lies, Petitioner contends that he has no other resort

4

but to turn to this Court to correct what he contends are grievous violations of his constitutional rights, including his right to be free from enslavement.

The primary relief Petitioner seeks from this Court is an order halting his divorce action until this Court decides whether his wife and her lawyer lied to the state court in the divorce action (leading to the protective order, arrest, and confinement for aggravated stalking that Petitioner contends are the illegal fruits of those lies) and immediate release from confinement. (Doc. 1 at 93-100 (stating that whether his wife's lawyer lied in the divorce action is the "single simple question" that the Court must answer); Doc. 8 at 31 ("The Court is correct that Petitioner seeks an ORDER staying the divorce and his immediate release from confinement."); Doc. 6 at 16; Doc. 34.) Petitioner was released from confinement after he filed this action, but contends that he effectively remains in Respondent's custody because he was released on bond. (Doc. 34.)

## II. The Court Cannot Enjoin Or Interfere With Petitioner's State Actions

Federal courts "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283 (known as the "Anti-Injunction Act"). "[A] federal court injunction of state litigation is to be the exception, not the rule," and "[t]he United States Supreme Court has admonished lower federal courts to hesitate to enjoin state court proceedings," holding that "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings

5

should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *Delta Air Lines, Inc. v. McCoy Rests., Inc.*, 708 F.2d 582, 585 (11th Cir. 1983) (quoting *Atl. Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)). "Because of the sensitive nature of federal interference with state court litigation, the exceptions to the rule against injunctions . . . must be narrowly construed." *Delta Air Lines*, 708 F.2d at 585.

The Anti-Injunction Act bars the Court from enjoining further proceedings in Petitioner's state divorce action. No federal statute expressly authorizes this Court to enjoin the divorce action, and the Court notes that an injunction is not necessary in aid of this Court's jurisdiction or to protect or effectuate its judgments. The Court has not entered any judgments regarding Petitioner or his claims, and as explained in Part III below, the Court cannot hear Petitioner's challenge to his state criminal prosecution because that action is pending and he has not exhausted his state remedies. Accordingly, Petitioner's motion for a temporary restraining order to halt proceedings in his divorce action should be denied.

Although Petitioner expressly seeks to enjoin only his divorce action in the Cobb County Superior Court, his petition may be reasonably construed also to seek an injunction of his criminal action pending in that state court. (*See* Doc. 8; *see also* Doc. 32 at 10 ("The perjury and fraud by Petitioner's Wife and Her former attorney . . . are fatal to the civil case and the death of it is fatal to the criminal one.").) The criminal action, and not the divorce action, is the action in which Petitioner is charged

with the felony of aggravated stalking, has been released on bond, and is awaiting trial. The criminal action also led to the confinement in jail that Petitioner challenged when he filed this action.

The Court, however, cannot enjoin the pending criminal action either. The abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971) generally bars a federal court from interfering with a pending state criminal prosecution, and "[w]hen a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the *Younger* abstention hurdles before the federal courts can grant such relief." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (quotation marks omitted). Under *Younger*, federal courts cannot enjoin pending state criminal prosecutions absent extraordinary circumstances. *See Younger*, 401 U.S. at 45, 53-54. Courts have recognized only the following circumstances as exceptions to the general rule of abstention from interference in state criminal prosecutions:
(1) there is evidence that the state prosecution is motivated by bad faith; (2) a state statute underlying the prosecution is "'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it'"; or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Hughes*, 377 F.3d at 1263 & n.6 (quoting *Younger*, 401 U.S. at 53-54).

None of the three exceptions noted above apply in this case. Petitioner has neither alleged nor presented evidence that the district attorney or the judge assigned

to his criminal case (as opposed to his divorce case) are acting in bad faith in the criminal prosecution. *See Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (observing that this exception requires a "substantial allegation showing actual bad faith" and finding pre-trial detainee's general claims of bad faith insufficient (quotation marks omitted)).

Nor has Petitioner shown that the state criminal statute under which he is being prosecuted – O.C.G.A. § 16-5-91, which makes aggravated stalking a felony – is unconstitutional. The Eleventh Circuit "has emphasized the narrowness of this exception [for unconstitutional statutes] to the *Younger* doctrine," *Hughes*, 377 F.3d at 1264 n.8, as the exception applies only where a statute is shown to be "flagrantly and patently" unconstitutional "in whatever manner and against whomever an effort might be made to apply it," *Younger*, 401 U.S. at 53-54 (quotation marks omitted). Petitioner has not contended that O.C.G.A. § 16-5-91 is unconstitutional, and has not made the rigorous showing required to satisfy this exception to *Younger*'s abstention doctrine.

The final exception to the abstention doctrine also is inapplicable because there are adequate alternative state forums where Petitioner's alleged constitutional issues can be raised, as discussed in Part III below. Because none of the recognized extraordinary circumstances exist, the Court must abstain from interfering with Petitioner's pending state criminal prosecution.

### III. Petitioner Is Not Entitled To Relief Under The Federal Habeas Corpus Statutes Because He Has Not Exhausted His State Remedies

Although Petitioner has filed his petition under 28 U.S.C. § 2254, the statute providing for habeas relief from "the judgment of a State court," 28 U.S.C. § 2241, the general habeas statute, applies here because Petitioner has not been tried on the criminal charge pending against him in state court and no judgment has been entered in the state criminal action. *See* 28 U.S.C. § 2241; *Hughes*, 377 F.3d 1258, 1261-62 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."). Whether proceeding under § 2241 or § 2254, a petitioner must first exhaust all available state remedies before seeking federal habeas relief. *Hughes*, 377 F.3d at 1262; *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("[Section] 2254 merely codified judge-made restrictions on issuing the writ of habeas corpus as authorized under § 2241."); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the exhaustion requirement "was codified in 28 U.S.C. § 2254(b), but . . . applies to all habeas corpus actions").

A district court may not grant a petition for a writ of habeas corpus unless "(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner who is awaiting trial on state criminal charges and challenges those charges generally must allow the case to go to trial and through the

state appellate process to satisfy the exhaustion requirement. *See Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976); *Tooten v. Shevin*, 493 F.2d 173, 175-77 (5th Cir. 1974) (holding that state pre-trial detainee who had litigated a pre-trial challenge to the constitutionality of her prosecution all the way to the Florida Supreme Court must go through trial and direct appeals before seeking federal habeas relief). Absent "special circumstances," a petitioner awaiting trial on state criminal charges cannot litigate the merits of those charges in a federal habeas action prior to a judgment of conviction by the state court. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 490 (1973); *Brown*, 530 F.2d at 1282-83. Those "special circumstances" generally are the ones discussed in Part II, above, as exceptions to *Younger*'s abstention doctrine. *See Hughes*, 377 F.3d at 1262 (observing that a petitioner seeking federal habeas relief before trial in his state criminal case "must satisfy the *Younger* abstention hurdles" (quotation marks omitted)); *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) ("There is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial.").

As discussed in Part II, above, Petitioner has not established, or alleged, that the state criminal prosecution has been undertaken in bad faith or that the criminal statute that he has been accused of violating is patently unconstitutional. The third "special circumstance" – the absence of an adequate alternative state forum to raise the issues Petitioner has raised in this case – does not apply because numerous alternative state remedies exist that Petitioner has not exhausted.

The first alternative state remedy is a trial in Petitioner's criminal case. If Petitioner is convicted at trial, he may then seek post-conviction relief from the trial court and may appeal his conviction to Georgia's appellate courts. *See* O.C.G.A. §§ 5-6-36, 5-6-38(a). Petitioner has exhausted none of those state remedies because no trial has occurred in his criminal case. Indeed, the criminal case has been pending only since his arrest in October 2011.

Petitioner suggests in his recent filings that he can do nothing to challenge the criminal charges against him, including seeking a speedy trial, unless and until an indictment is issued by a grand jury. (*See* Doc. 32.) Petitioner contends that his criminal charges currently exist only in the form of the district attorney's accusation and that the district attorney has enslaved him without recourse. (*See id.*) Even if the denial of Petitioner's right to a speedy trial could serve as a "special circumstance" warranting federal habeas relief now (and assuming Petitioner could show such a denial given that his state criminal prosecution began only a few months ago), he would have to exhaust his state remedies, and his belief that there are no current avenues for relief in the state courts is incorrect. *See Dickerson v. State of La.*, 816 F.2d 220, 227 (5th Cir. 1987) (rejecting claim that constitutional right to a speedy trial was a "special circumstance" warranting federal habeas relief on pending state criminal charges).

Defendants in criminal actions in Georgia's state courts have both a statutory and constitutional right to a speedy trial whether they are charged by a grand jury's

indictment or a prosecutor's accusation. *See* O.C.G.A. § 17-7-170(a) (providing procedures for demanding a speedy trial in cases involving "a true bill of indictment or an accusation"); *Zeger v. State*, 702 S.E.2d 474, 477-78 (Ga. Ct. App. 2010) (reviewing claim that defendant's constitutional right to a speedy trial was violated in case where defendant was charged with misdemeanors by prosecutor's accusation); *State v. Allen*, 299 S.E.2d 158, 159 (Ga. Ct. App. 1983) ("This right to make a demand for trial applies equally when a defendant is charged by accusation."). At least two other remedies are presently available to Petitioner under Georgia law in connection with his criminal case. First, "[a]ny person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus [from Georgia courts] to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(a). Second, a defendant who believes there have been irregularities in his criminal case may seek a writ of mandamus from Georgia courts. O.C.G.A. § 9-6-20.

There is no evidence that Petitioner has pursued any of the state remedies discussed above, much less exhausted them. Petitioner states that he has requested and been denied evidentiary hearings in his civil divorce action, but does not allege that he has made any efforts in his criminal action to pursue the various pre-trial remedies available to him under Georgia law.

Petitioner can assert in his state criminal case, via the procedural mechanisms described above or as an affirmative defense to the criminal charges, his defense to the aggravated stalking charge that he has asserted in this case – that the temporary

protective order that is the basis of the charge was void because it was issued in a divorce action that was improperly reopened. *See Giles v. State*, 570 S.E.2d 375, 377-79 (Ga. Ct. App. 2002) (reviewing defendant's claim, raised in a pre-trial motion in his criminal case, that protective order that was the predicate for the aggravated stalking charge was void because the trial court did not have jurisdiction to enter it). Petitioner must do so and fully exhaust his state remedies before he can obtain federal habeas relief regarding his criminal charges. *See Hughes*, 377 F.3d at 1262; *Brown*, 530 F.2d at 1283 ("[A]bort[ing] a state proceeding or . . . disrupt[ing] the orderly functioning of state judicial processes" by litigating the merits of state criminal charges before trial are objectives "normally not attainable through federal habeas corpus.") (quotation marks omitted). *Tooten*, 493 F.2d at 177 ("Federal habeas corpus should not be used as a pretrial motion forum for state prisoners." (quotation marks omitted)). Accordingly, this federal habeas action should be dismissed. *See Smith v. Price*, No. 1:09-CV-909-TMH, 2010 WL 749352, at *2 (M.D. Ala. Mar. 3, 2010) (dismissing for lack of exhaustion habeas petition filed by person awaiting trial on state charges who challenged arrest and validity of prosecution); *Mobley v. Jackson*, No. 1:09-CV-2265-TWT, 2009 WL 3417865, at *1-3 (N.D. Ga. Oct. 19, 2009) (dismissing Georgia pre-trial detainee's habeas petition for lack of exhaustion and abstaining from interfering with state case).

## IV. Petitioner's Remaining Motions Are Moot

In Petitioner's motion for a writ of production, which he filed while in jail, Petitioner sought transfer to a federal detention center so he could access a law library. (Doc. 17.) Petitioner also sought counsel at that time because he allegedly did not have access to a law library while in the county jail. (Doc. 22.) Because Petitioner was released from confinement two months ago, those requests are now moot. Petitioner's motion to accept proof of service of his petition on Respondent, (Doc. 20), also is moot because the Court served the petition on Respondent and Respondent has appeared in the case.

## V. Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's motion to dismiss [27] be **GRANTED**, that Petitioner's motion for a temporary restraining order [34] be **DENIED**, that Petitioner's motion for a writ of production [17] be **DENIED AS MOOT**, and that this action be **DISMISSED WITHOUT PREJUDICE**. Petitioner's motion to accept proof of service [20] and his motion to appoint counsel [22] are **DENIED AS MOOT**.

SO ORDERED AND RECOMMENDED this 23 day of April, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE